IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JIMMY L. LINDSEY, :
:
    Petitioner :
: CIVIL NO. 1:11-CV-1069
:
    v. : Hon. John E. Jones III
:
:
SUPERINTENDENT DAVID :
VARANO, *et al.*, :
:
    Respondents :

## **MEMORANDUM**

June 16, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

    Petitioner Jimmy L. Lindsey ("Petitioner" or "Lindsey"), an inmate presently confined at the State Correctional Institution Coal Township ("SCI Coal Township") in Coal Township, Pennsylvania, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2254. (Doc. 1.) He also has filed a Motion for leave to proceed *in forma pauperis*. (Doc. 6.) For the reasons set forth below, the Petition will be dismissed as a successive petition under the provisions of 28 U.S.C. § 2244.

    In his Petition, Lindsey seeks to challenge his 1995 conviction by a jury sitting

in the Court of Common Pleas of Columbia County, Pennsylvania of five (5) counts of rape, two (2) counts of involuntary deviate sexual intercourse, and one (1) count of burglary. (Doc. 1 at 1.) He currently is serving a sentence of imprisonment of twenty-two (22) to forty-four (44) years that was imposed following his conviction. (*Id.*) He seeks relief on the grounds that the trial court lacked jurisdiction and authority over him (*id.* at 5); that there was a "fraud on the court" in that the trial court proceeded after being made aware of its inability to proceed (*id.* at 6); and that there was a "fraudulently induced contract by Defendant[1] upon this Petitioner . . . without 'Manifestation of Mutual Assent'" (*id.* at 8). Lindsey claims to have fully litigated these issues in all of the Pennsylvania state courts. (*Id.* at 9.)

Lindsey has filed with this Court two (2) previous petitions for writ of habeas corpus under the provisions of § 2254. By Memorandum and Order dated June 1, 2004, we denied Lindsey's first petition for writ of habeas corpus. (*Lindsey v. Gillis*, Civil No. 4:01-CV-0699, Doc. 30.) In our Memorandum, we summarized the claims set forth by Lindsey in his original petition as follows:

> His original petition asserted the following claims: (1) his conviction was based on blood, hair and saliva evidence obtained via an illegal search and seizure; (2) a coerced confession was used to convict him; and (3) prosecutorial misconduct resulted from improper and inflammatory remarks made to the jury. In addition, he raises numerous claims of

---

[1] It is unclear who Lindsey is referring to when he refers to "Defendant."

> ineffective assistance of trial counsel.  Specifically, Lindsey contends that trial counsel erred by failing to: (4) establish an alibi defense after being told about alibi witnesses; (5) procure a DNA expert; (6) object to the Commonwealth's opening argument; (7) timely seek a mistrial after the Commonwealth made inflammatory remarks; (8) put Petitioner on the stand after informing the jury that his client would testify; (9) challenge the search warrant which sought blood, saliva, and hair samples; (10) raise a challenge based on the six hour rule; and (11) request a change of venue.

(*Id.*, Doc. 30 at 2.)  Lindsey appealed from our denial of habeas relief, and by Order dated December 1, 2004, the United States Court of Appeals for the Third Circuit denied a certificate of appealability.  (*Id.*, Doc. 35.)  Lindsey subsequently filed a petition for writ of certiorari with the United States Supreme Court, which was denied by Order dated October 17, 2005.  (*Id.*, Doc. 38.)

In his second petition for writ of habeas corpus, Lindsey presented claims that he had not asserted in his first petition, namely that the Columbia County Court of Common Pleas lacked subject matter jurisdiction because the charges lodged in the criminal complaints against him were "falsely flawed," "without enacting clauses," and "without approving signatures."  (*Lindsey v. Piazza*, Civil No. 4:08-CV-0373, Doc. 1 at 5.)  In addition, Lindsey contended that the Court of Common Pleas of Columbia County had an "inability to conduct business with J. Lindsey, a flesh and blood man."  (*Id.*, Doc. 1 at 6.)

By Memorandum and Order dated March 4, 2008, we dismissed Lindsey's

second petition for writ of habeas corpus as a second or successive petition pursuant to 28 U.S.C. § 2244.  (*Id.*, Doc. 4.)  In addition, because Lindsey filed a Motion for Leave to File a Second or Successive Habeas Corpus Petition with his petition, and such a motion must be considered by the appropriate court of appeals rather than this Court, *see* 28 U.S.C. § 2244(b)(3)(A), we directed the transfer of the motion to the United States Court of Appeals for the Third Circuit.  (*Id.*)  By Order dated April 7, 2008, the Third Circuit denied Lindsey's motion because he had not satisfied the requirements of 28 U.S.C. § 2244(b)(2)[2] for obtaining authorization to file a second or successive petition.  (*Id.*. Doc. 6.)

In the instant Petition, Lindsey appears to be raising claims similar to those raised in his second petition challenging the trial court's jurisdiction over him.

---

[2]28 U.S.C. § 2244(b)(2) provides as follows:

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless - -

> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**DISCUSSION**

Preliminarily, we observe that, in the section of the form petition where Lindsey is invited to address the timeliness of the instant Petition, he suggests that The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is not applicable to him because it was enacted after he was convicted. (*See* Doc. 1 at 13.) Lindsey was convicted on April 25, 1995, which was before April 24, 1996, the date upon which AEDPA became effective. However, as reflected by the record in his first filed petition, Lindsey filed a direct appeal from his judgment of sentence, and after the Pennsylvania Superior Court's affirmed his judgment of sentence, he filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on August 12, 1997. (*See Lindsey v. Gillis*, Civil No. 4:01-CV-0699, Doc. 10, Response, at 4-6.) A judgment of sentence does not become final until the conclusion of direct review. *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000). Therefore, it was not until the Pennsylvania Supreme Court denied Lindsey's petition for allowance of appeal on August 12, 1997 that his judgment of sentence became final. Consequently, his judgment of sentence clearly became final after the date on which AEDPA became effective, and thus, there is no question that AEDPA is applicable.

The pertinent authority for dismissing successive habeas corpus petitions is

5

found in Rule 9[3] of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), and 28 U.S.C. § 2244(a), a provision of AEDPA.  In pertinent part, AEDPA mandates that, before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3).  Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty (30) days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements.  *See* 28 U.S.C. § 2244(b)(3)(C), (D).  AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings.  *Burton v. Stewart*, 549 U.S. 147 (2007).

Lindsey previously filed an application with the United States Court of Appeals for the Third Circuit to file a second or successive petition raising grounds similar to those raised in the instant Petition.  That application was denied by the Third Circuit on the basis that Lindsey had failed to satisfy the requirements for obtaining

---

[3]Rule 9 of the Habeas Corpus Rules provides:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

authorization to file a second or successive petition under the provisions of 28 U.S.C. § 2244(b)(2). (*Lindsey v. Piazza*, Civil No. 4:08-CV-0373, Doc. 6.) A review of the computerized dockets for the Third Circuit through the Public Access to Court Electronic Records ("PACER") System reveals that Lindsey has not filed any subsequent motions with that Court for an order authorizing this Court to entertain a successive petition.[4] Where it is evident that Lindsey has not received the permission from the Third Circuit that is required before he may file a successive petition with this Court, we lack jurisdiction to entertain the instant Petition, and therefore, we must dismiss it under the provisions of 28 U.S.C. § 2244. An appropriate Order will enter on today's date.

---

[4]*See* http://www.pacer.gov/